IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

ED KOLAR,                                              CASE NO. 4:08cv3244

      Plaintiffs,

vs.                                                    PROTECTIVE ORDER

CHAMNESS TECHNOLOGY, INC.,

      Defendant.

For good cause including, without limitation, the proprietary and confidential nature of information likely to be disclosed during the course of discovery and trial of this case,

IT IS HEREBY ORDERED THAT:

1.  All documents and information produced by the parties or otherwise revealed, disclosed or examined in response to Plaintiff's Interrogatory No. 4 which seeks employee information for employees who have reported an injury or illness arising out and in the course of their employment in the past ten (10) years, and all testimony given by the witnesses in this litigation (the term "testimony" includes, for purposes of this order, deposition testimony, affidavits and answers to interrogatories and to requests for admissions) shall be used by the parties solely for the purpose of preparation, trial, appeal or settlement of this litigation and for no other purpose whatsoever. In addition, all such documents and testimony designated "Confidential Information" shall not be used by, or disclosed to, any person except Qualified Persons as defined below, except by Order of this Court.

1

2. The Clerk of this Court is directed to file under seal all documents filed in this litigation that have been designated, in whole or in part, as Confidential Information, as defined below, by any of the parties producing said information.

3. (a) "Confidential Information", as used herein, means any information of any type, kind or character involved in this litigation which is designated as confidential by any party supplying the information, whether it be a document, information contained in a document, information revealed during a deposition, information revealed in an interrogatory answer, information revealed in response to requests for admissions, or information revealed otherwise.

(b) Documents and other information produced by a party may be designated as "Confidential Information" by marking the pages containing such information substantially as follows: CONFIDENTIAL or by indicating, in writing, to the other party the specific documents, records or other information the party considers confidential. Other materials and information not capable of being so marked shall be designated as "Confidential" by the best means practicable and described generally in a letter to all parties.

4. "Qualified Persons", as used herein, means:

(a) Attorneys of record and employees of such attorneys whose access to Confidential Information is necessary for purposes of preparation, trial, appeal or settlement of this litigation;

(b) Independent third parties retained or used by attorneys of record in this litigation solely for the purposes of preparation, trial, appeal, or settlement of this litigation;

(c) Named parties and officers and employees of corporate parties, who are working on this litigation and to whom it is necessary that Confidential Information be shown for purposes of preparation, trial, appeal or settlement of this litigation;

  (d)  The Court and any of its staff and personnel; and

  (e)  Any other person who is designated as a Qualified Person by written agreement of the parties, or by Order of this Court after notice to the parties and opportunity to be heard.

  5.  Information disclosed at a deposition may be designated by any party as "Confidential Information" by indicating on the record at the deposition that the testimony is confidential and subject to the provisions of this Order. Additionally, and alternatively, any party may also designate information disclosed at such deposition as confidential by notifying all counsel in writing, within 30 days of receipt of the transcript, of the specific pages and lines of the transcript that are deemed confidential. Each counsel and party, upon such designation, shall attach a copy of such written designation to the face of the transcript and each copy thereof in his possession, custody or control. All deposition transcripts and all information revealed therein shall be treated as confidential in accordance with this Order at the time the deposition is taken and for a period of 45 days after receipt of such transcript to allow time for each party to make its confidentiality designation, if any.

  6.  Confidential Information may be disclosed to a deponent, other than Qualified Persons, during the course of a deposition if the attorney making such disclosure first delivers a copy of this Protective Order to such deponent and advises the deponent that pursuant to this Protective Order he may not divulge such confidential material to any person other than his attorney representing him at the deposition. In the alternative, the attorney may during the course of the deposition, but before disclosing the confidential information, inform the deponent that the information being discussed is regarded as confidential and advise the deponent, on the record, that he or she is prohibited by the terms of this Protective Order from disclosing said information to any persons other than his or her attorney.

7.  The inadvertent or unintentional disclosure of Confidential Information that has not been designated "Confidential Information" shall not be deemed a waiver in whole or in part of a party's claim of confidentiality, either as to the specific information disclosed or as to any other information relating thereto or on the same or related subject matter; and designation of Confidential Information hereunder may be made at any time to be effective upon and after such designation except as otherwise provided herein.

8.  Nothing in this Protective Order shall be deemed to preclude any party from seeking and obtaining additional protection with respect to the confidentiality of documents or other discovery material or relief from or under this Protective Order with respect to particular material designated hereunder as confidential.

9.  In the event that any of the parties disagree with the designation by the designating party of any information as Confidential Information, or the designation of any person as a Qualified Person, the parties shall first try to resolve such dispute in good faith on an informal basis.  If the dispute cannot be resolved, the objecting party may seek appropriate relief from the Court.  The parties may, by unanimous written stipulation, provide for exceptions to this Order and any of them, after notice to all parties, may seek an Order of this Court modifying this Protective Order.  This Order shall be without prejudice to any party to bring before the Court at any time the question of whether any particular information is or is not, in fact, Confidential Information; upon notice and hearing, the party designating the information as Confidential Information shall have the burden of proof.  However, nothing shall be regarded as Confidential Information if it is information that either:

    (a)  Is in the public domain at the time of disclosure as evidenced by a written document;

(b)     The receiving party can show by written document that the information was already in its rightful and lawful possession at the time of disclosure; or

(c)     The receiving party receives such information at a later date from a third party without restriction as to disclosure, provided such third party has a proprietary right in such information, has the right lawfully to possess such information, and has the right to make such disclosure to the receiving party.

10.     In the event that a party wishes to use Confidential Information in affidavits, briefs, memoranda of law, or other papers filed in Court in this litigation, such information shall be treated confidentially in accordance with this Order and filed and maintained under seal with the Court.

11.     Unless otherwise agreed to in writing by the parties or ordered by the Court, all proceedings, other than a trial in open court, involving Confidential Information shall be conducted in camera.

12.     Within 30 days after the conclusion of this litigation, all documents, including deposition transcripts, designated as Confidential Information, and all photocopies or other copies thereof, as well as all Confidential Information derived in any way therefrom, shall be returned to the party who disclosed, revealed or produced same, except as this Court may otherwise order; provided however that nothing contained in this order shall be construed to preclude the parties, at the conclusion of this litigation, from mutually agreeing to alternative means for the disposal of information designated as confidential, or as prohibiting the attorneys of record from retaining copies of any information obtained in this case provided the information is used for internal purposes only. This provision of this Protective Order shall continue to be effective after the conclusion of this litigation.

13.     This Order shall not bar any attorney for a party in this litigation, in the course of rendering legal advice to this client with respect to this litigation, from referring to or relying in a general way upon his examination of Confidential Information produced, disclosed, or revealed pursuant to the terms of this Order.

14.     Any party (or party's attorney) designating any person as a Qualified Person, or disclosing Confidential Information to a Qualified Person, shall ensure that such person observes the terms of this Protective Order, and such party (and its attorneys) shall be responsible for the failure of any such person to observe the terms of this Protective Order.

15.     Nothing contained in this Order, and no action taken pursuant to this Order, shall prejudice the right of any party to contest the alleged relevancy, admissibility or discoverability of documents subject to this Order.

16.     No mention of this Protective Order or its entry by the Court shall be made in the presence of the jury, without leave of the Court.

17.     This Protective Order and its signature pages may be executed in multiple counterparts by one or more of the parties and all such counterparts so executed shall together be deemed to constitute one final agreement, as if one document had been signed by all parties hereto.

18.     This Order is subject to further orders of this Court and continues to be effective even after the conclusion of this litigation.

19.     This Court retains jurisdiction over this Order and the enforcement of it even after the conclusion of this litigation.

20. THE INTENTIONAL FAILURE TO ABIDE BY THE TERMS OF THIS ORDER MAY SUBJECT A PARTY AND ITS COUNSEL TO SANCTIONS FOR CONTEMPT OF COURT.

Signed this 16th day of July, 2009.

s/ *Richard G. Kopf*
United States District Judge

**APPROVED AS TO FORM AND CONTENT:**

| ED KOLAR, Plaintiff | CHAMNESS TECHNOLOGY, INC., Defendant |
|---|---|
| s/Paul Boross<br>Paul Boross, #20878<br>941 "O" Street, Suite 708<br>Lincoln, Nebraska 68508<br>Telephone: (402) 474-6100<br>pb0665@inebraska.com | s/Harvey B. Cooper<br>Harvey B. Cooper, # 15035<br>Of Abrahams, Kaslow & Cassman LLP<br>8712 West Dodge Road, Suite 300<br>Omaha, NE 68114<br>Telephone: (402) 392-1250<br>hcooper@akclaw.com<br><br>and<br><br>s/ Mitchell R. Kunert<br>Randall D. Armentrout Iowa Bar AT0000543<br>Mitchell R. Kunert Iowa Bar AT004458<br>Of NYEMASTER, GOODE, WEST,<br>  HANSELL & O'BRIEN, P.C.<br>700 Walnut Street, Suite 1600<br>Des Moines, Iowa 50309-3899<br>Telephone: (515) 283-3100<br>Fax: (515) 283-8045 |