IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| ED KOLAR, | ) | |
| | ) | 4:08CV3244 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | MEMORANDUM AND ORDER |
| | ) | |
| CHAMNESS TECHNOLOGY, INC., | ) | |
| | ) | |
| Defendant. | ) | |

The plaintiff has filed a motion to compel the defendant to answer plaintiff's interrogatory no. 3, and requests an award for the attorney fees related to filing this motion. (Filing No. 44). Interrogatory No. 3 and the defendant's response are as follows:

> Interrogatory No. 3: Please identify all criminal convictions for the following individuals: Brian Barber, Dennis Simmons and for each conviction identified, please indicate the sentence imposed.
>
> Answer: Defendant objects to this interrogatory as overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to this interrogatory to the extent it seeks personal information about individuals who are not parties to this lawsuit and information of which Defendant does not possess.

Filing No. 45, at CM/ECF p. 1. The plaintiff's brief states Brian Barber was the defendant's Grand Island facility Area Manager who terminated the plaintiff in January, 2008, and Dennis Simmons was and remains defendant's Operations Manager at defendant's corporate headquarters in Des Moines, Iowa. (Filing No. 45, at CM/ECF p. 2). The plaintiff seeks the information for impeachment purposes, and

claims that since Barber and Simmons were managerial personnel, the defendant is expected to know if either was convicted of criminal activity.

The defendant argues it has no knowledge of Barber's or Simmons' criminal conviction records; to the extent Barber and Simmons possess such information, their knowledge cannot be imputed to the defendant; the defendant cannot be required to obtain this information from Simmons or produce such information for its former employee, Barber; and the plaintiff has not shown he cannot obtain such information through other means such as searching public records or deposing Barber and Simmons. (Filing No. 46). In support of its response, the defendant has offered the affidavit of its Human Resources Manager who states the defendant does not perform criminal background checks on job applicants or current employees because the information is not necessary for its business, and it has no record or knowledge of whether Barber or Simmons have a criminal record. (Filing No. 50).

"It is a well settled principle that knowledge of officers and key employees of a corporation, obtained while acting in the course of their employment and within the scope of their authority, is imputed to the corporation itself." Acme Precision Products, Inc. v. American Alloys Corp., 422 F.2d 1395, 1398 (8th Cir. 1970). However, notice to a corporate officer is not notice to the corporation unless the notice or knowledge of the officer "is in regard to a matter coming within the sphere of his duty while attending to the business of the company, and acquired while acting in regard to the same." Commercial Cas. Ins. Co. v. Fruin-Colnon Contracting Co., 32 F.2d 425, 431 (8th Cir. 1929).

Barber and Simmons would know if they have a criminal record, and the plaintiff could have obtained such information by deposing these witnesses. However, any criminal history information known by Barber or Simmons is not imputed to the defendant, and therefore discoverable from the defendant, absent a showing that any crimes committed, if any, were performed in the scope of Barber's

or Simmons' corporate duties, or that knowledge of these employees' criminal histories was relevant to the hiring process or their continued employment for the defendant. See e.g., U.S. v. One Parcel of Land Located at 7326 Highway 45 North, Three Lakes, Oneida County, Wis., 965 F.2d 311, 317 (7th Cir. 1992)(holding that although a corporate manager knew he was using corporate property for drug dealings, the drug dealings were conducted outside the scope of his employment, and his knowledge was not imputed to the corporation).

The affidavit of defendant's Human Resources Manager states "Chamness has no record or knowledge of whether Mr. Simmons or Mr. Barber have been convicted of any crimes." (Filing No. 50, ¶ 4 (emphasis added)).  The plaintiff has moved to strike this affidavit as improperly relying on a legal conclusion regarding the scope of knowledge imputed to the defendant. (Filing No. 60).  Based on the foregoing legal authorities and analysis, the court finds the defendant is not obligated to interview its employees or otherwise perform research to determine whether Simmons and Barber have a criminal record before responding to Interrogatory No. 3.  The affidavit of the defendant's Human Resources Manager sufficiently responds to the discovery in dispute and will not be stricken.  Accordingly,

IT IS ORDERED:

1) The plaintiff's motion to strike, (filing no. 60), is denied.

2) The plaintiff's motion to compel, (filing no. 44), is denied.

DATED this 24th day of August, 2009.

BY THE COURT:

*Richard G. Kopf*
United States District Judge