IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| ED KOLAR, | ) | 4:08CV3244 |
| | ) | |
| Plaintiff, | ) | |
| | ) | MEMORANDUM |
| v. | ) | AND ORDER |
| | ) | |
| CHAMNESS TECHNOLOGY, INC., | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

   This is an age discrimination case.[1]  The plaintiff, Ed Kolar, was hired at age 66 to work as a tractor driver for the defendant, Chamness Technology, Inc., at Grand Island, Nebraska.  Two years later his employment was terminated because of alleged performance issues.  Lonnie Larkin, a 51-year-old co-worker with whom Kolar shared the tractor driver position (each man worked three days per week), was fired at the same time.  Both workers were replaced by Raymond Mostek, who was 55 years old.

   Chamness has filed a motion for summary judgment, and argues that Kolar cannot (1) establish a prima facie case because he was not replaced by a "substantially younger" person or (2) show that the reason given for his firing was pretextual.  Upon careful review, I conclude that the action should not be dismissed because (1) it is

---

[1] Count I of the complaint alleges a violation of the federal Age Discrimination in Employment Act, 29 U.S.C. §§ 621 to 634, while Count II alleges a violation of Nebraska's Age Discrimination in Employment Act, Neb.Rev.Stat. §§ 48-1001 to 48-1010 (erroneously identified in the complaint as the "Nebraska Fair Employment Practices [sic] Act").  The complaint also includes a claim that the plaintiff was fired in retaliation for filing for worker's compensation benefits (Count III) and a claim that his firing violated the Employee Retirement Income Security Act (Count IV).  The plaintiff has filed a motion to dismiss these claims without prejudice.  The motion will be granted pursuant to Federal Rule of Civil Procedure 41(a)(2).

reasonable to infer from the 13-year age difference between Kolar and Mostek and from other circumstantial evidence that Kolar was terminated because of his age[2] and (2) genuine issues of material fact exist regarding his termination.[3]  Chamness also contends that as a matter of law Kolar cannot recover (1) damages for emotional

---

[2] The parties do not make any distinction between the federal and state-law claims, but there may be a crucial difference.  The Nebraska Supreme Court has stated that "it will look to federal decisions interpreting the federal Age Discrimination in Employment Act . . . for guidance in construing the Nebraska age discrimination act[,]" *Billingsley v. BFM Liquor Management, Inc.*, 645 N.W.2d 791, 801 (Neb. 2002), but it has also held that "to establish a prima facie case of age discrimination, the plaintiff must establish that (1) he or she was in the protected group, (2) he or she was subjected to an adverse employment action, (3) he or she was qualified for the position, and (4) the person who received the position was outside of the protected group." *Id.*, at 803 (holding that terminated employee who was replaced by person under 40 years of age established prima facie case of discrimination); *Humphrey v. Nebraska Public Power Dist.*, 503 N.W.2d 211, 217 (Neb. 1993) (failure-to-promote case).  *See also Helvering v. Union Pacific R. Co.*, 703 N.W.2d 134, 156 (Neb.App. 2005) ("To establish a prima facie case of age discrimination, the plaintiff must establish that (1) he or she was in the protected group, (2) he or she was subjected to an adverse employment action, (3) he or she was qualified for the employment position or benefit adversely denied, and (4) other similarly situated persons not in the protected group were treated differently.").  Under this formulation of the rule, which was rejected by the United States Supreme Court in 1996, *see O'Connor v. Consolidated Coin Caterers Corp.*, 517 U.S. 308, 313 (1996) ("Because the ADEA prohibits discrimination on the basis of age and not class membership, the fact that a replacement is substantially younger than the plaintiff is a far more reliable indicator of age discrimination than is the fact that the plaintiff was replaced by someone outside the protected class."), Kolar would not be able to establish a prima facie case because his replacement was also in the protected age group (*i.e.*, forty or more years old).

[3] Summary judgment is appropriate if there are no genuine disputes of material fact and the moving party is entitled to judgment as a matter of law.  *Chial v. Sprint/United Management Co.*, 569 F.3d 850, 853 (8th Cir. 2009).  A dispute is genuine if the evidence is such that it could cause a reasonable jury to return a verdict for either party; a fact is material if its resolution affects the outcome of the case.  *Id.* (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)).

distress or (2) punitive damages. This portion of the motion for summary judgment will be granted.

Under the ADEA, it is "unlawful for an employer . . . to discharge any individual . . . because of such individual's age." 29 U.S.C. § 623(a)(1).[4]

> [T]he Supreme Court held in *Gross v. FBL Financial Services, Inc.*, __ U.S. __, 129 S.Ct. 2343, 174 L.Ed.2d 119 (2009), that "to establish a disparate treatment claim under the plain language of the ADEA, . . . a plaintiff must prove that age was the 'but-for' cause of the employer's adverse decision." *Id.* at 2350. There is no "heightened evidentiary requirement" for plaintiffs to satisfy their burden of persuasion through "direct evidence" as opposed to "circumstantial evidence." *Id.* at 2351 n. 4. The rule is simply that "[a] plaintiff must prove by a preponderance of the evidence (which may be direct or circumstantial), that age was the 'but-for' cause of the challenged employer decision." *Id.* at 2351.
>
> The Court in *Gross* made clear that the burden-shifting framework established in *Price Waterhouse v. Hopkins*, 490 U.S. 228, 109 S.Ct. 1775, 104 L.Ed.2d 268 (1989), for cases under Title VII does not apply to ADEA claims. The Court also observed that it has not "definitively decided" whether the evidentiary framework of *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973), used in Title VII cases is appropriate in the ADEA context. *Gross*, 129 S.Ct. at 2349 n. 2.

*Baker v. Silver Oak Senior Living Management Co., L.C.*, No. 08-1036, __ F.3d __, 2009 WL 2914159, at *3-4 (8th Cir. Sep. 14, 2009) (reversing district court's grant of summary judgment to employer after examining whether plaintiff "has presented

---

[4] The Nebraska Age Discrimination in Employment Act similarly declares that "[i]t shall be an unlawful employment practice for an employer . . . to discharge . . . any individual . . . because of such individual's age, when the reasonable demands of the position do not require such an age distinction." Neb.Rev.Stat. § 48-1004(1)(a) (West, WESTLAW through 2008 legislation). Prior to amendment in 2007, the Nebraska ADEA was officially known as the Act Prohibiting Unjust Discrimination in Employment Because of Age.

sufficient evidence to raise a genuine issue for trial on the ultimate question of age discrimination *vel non*.").

> "Direct evidence is evidence showing a specific link between the alleged discriminatory animus and the challenged decision, sufficient to support a finding by a reasonable fact finder that an illegitimate criterion actually motivated the adverse employment action." *Ramlet v. E.F. Johnson Co.,* 507 F.3d 1149, 1152 (8th Cir.2007) (internal quotation and alteration omitted). We have held that "'stray remarks in the workplace,' 'statements by nondecisionmakers,'" and 'statements by decisionmakers unrelated to the decisional process' do not constitute direct evidence." *Schierhoff* [*v. GlaxoSmithKline Consumer Healthcare, L.P.*, 444 F.3d 961, 965 (8th Cir. 2006)], 444 F.3d at 966 (quoting *Radabaugh v. Zip Feed Mills, Inc.*, 997 F.2d 444, 449 (8th Cir. 1993)); *see also Price Waterhouse*, 490 U.S. at 277, 109 S.Ct. 1775 (O'Connor, J., concurring). Direct evidence, however, "may include 'evidence of actions or remarks of the employer that reflect a discriminatory attitude,' 'comments which demonstrate a discriminatory animus in the decisional process,' or comments 'uttered by individuals closely involved in employment decisions.'" *King v. Hardesty*, 517 F.3d 1049, 1058 (8th Cir. 2008) (quoting *Beshears v. Asbill*, 930 F.2d 1348, 1354 (8th Cir. 1991)).

*King v. United States*, 553 F.3d 1156, 1160-61 (8th Cir. 2009).

Kolar argues that statements made by two Chamness representatives provide direct evidence of age discrimination. Brian Barber, the Grand Island site supervisor, allegedly said to Kolar upon being informed that Kolar had injured his back while moving a hose, "Well, that's what happens when you get old." Barber was Kolar's immediate supervisor, and was the person who made the decision to fire Kolar and Larkin and to replace them with Mostek. According to Kolar, this statement was made on January 9, 2008, just two days before his firing. Kolar also maintains that Dennis Simmons, the company's general operations manager,[5] suggested on

---

[5] Barber indicates in his affidavit that Simmons was the human resources manager.

numerous occasions that he should retire and "let the young pups take over." The age-related comment made by Barber, who himself was 54 years old, can only be classified as a stray remark.[6] *See, e.g.*, *Roeben v. BG Excelsior Ltd. Partnership*, 545 F.3d 639, 643 (8th Cir. 2008), (supervisor telling 71-year-old plaintiff on two occasions that he was too old to lift boxes was "simply insufficient to establish a fair inference of age-related animus"). Simmons' suggestions to Kolar that he should retire likewise do not constitute direct evidence of discrimination, since there is no evidence that he participated in the termination decision.[7] *See, e.g., Hitt v. Harsco Corp.*, 356 F.3d 920, 925 (8th Cir. 2004) (foreman calling plaintiff "old man" and supervisor telling him on work site "you are too old to be out there" did not support inference that plaintiff was discharged based on age because they were not decisionmakers).

"Under the familiar ADEA burden-shifting framework, a plaintiff can establish a prima facie case of age discrimination if he can show that (1) he was at least forty years old; (2) he was terminated; (3) he was meeting his employer's reasonable expectations at the time of his termination; and (4) he was replaced by someone substantially younger. *See Mayer v. Nextel West Corp.*, 318 F.3d 803, 806-07 (8th

---

[6] "'Stray remarks' standing alone do not give rise to an inference of discrimination. *Fisher v. Pharmacia & Upjohn*, 225 F.3d 915, 922 (8th Cir.2000). But, neither are they irrelevant. *Id.* '[S]uch comments are "surely the kind of fact which could cause a reasonable trier of fact to raise an eyebrow, thus providing additional threads of evidence that are relevant to the jury."' *Id.* at 922-23 (quoting *Bevan v. Honeywell, Inc.*, 118 F.3d 603, 610 (8th Cir.1997)). When combined with other evidence, stray remarks 'constitute circumstantial evidence that . . . may give rise to a reasonable inference of age discrimination.' *Id.* at 923." *Fitzgerald v. Action, Inc.*, 521 F.3d 867, 876-77 (8th Cir. 2008) (supervisor's comments that plaintiff was getting "too old for the job" and "needed to retire" were insufficient to overcome presumption of non-discrimination created by fact that same supervisor had hired plaintiff 2 years before, at age 50).

[7] In fact, Barber states in his affidavit that he did not consult with Simmons because he was on leave when the termination decision was made.

Cir. 2003) (citing *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802-04, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973)). Once a plaintiff has established a prima facie case, the burden shifts to his employer to provide a legitimate, nondiscriminatory reason for the termination. *Id.* at 807. If the employer provides a sufficient justification, the burden returns to the plaintiff to prove that the employer's proffered reason was a pretext and that the true motivation was discriminatory animus. *Id.* at 807-08." *Roeben*, 545 F.3d at 642-43.

Assuming that the *McDonnell Douglas* evidentiary framework still applies to ADEA cases in the Eighth Circuit, I conclude there is a sufficient age difference between Kolar and Mostek to establish the fourth element of a prima facie case. The Court of Appeals has indicated that a 14-year age difference is sufficient to infer age discrimination, *see Keathley v. Ameritech Corp.*, 187 F.3d 915, 921 (8th Cir. 1999), but that a 9-year difference may not be sufficient, *see Girten v. McRentals, Inc.*, 337 F.3d 979, 982 (8th Cir. 2003). "Age differences of ten or more years have generally been held to be sufficiently substantial to meet the requirement of the fourth part of age discrimination prima facie case." *Grosjean v. First Energy Corp.* 349 F.3d 332, 336 (6th Cir. 2003) (collecting cases). Here the age difference is 13 years.

While the jury will be allowed to consider that Mostek also replaced Larkin, who was 4 years younger than himself, this fact does not negate the inference that Kolar was fired because he was 68 year old. Perhaps Chamness found it necessary to fire Larkin at the same time as Kolar in order to provide Mostek with full-time employment. Nor is the inference negated by the fact that Kolar was 66 years old when hired. The evidence shows that Brian Barber, the supervisor who made the decisions to fire Kolar and Larkin and to hire Mostek in early January 2008, had only been working for Chamness since late November 2007.

It is also undisputed that "[a]t the time Barber terminated Kolar and Larkin, and hired Mostek, Barber did not know the ages of Kolar, Larkin, or Mostek."

-6-

(Defendant's brief (filing 40-2), p. 7, ¶ 21.)[8] This is another relevant consideration, and one court of appeals has held that "in an ADEA case, where a plaintiff relies on a substantial age discrepancy between herself and her replacement, she must adduce some evidence indicating defendants' knowledge as to that discrepancy to support the inference of discriminatory intent required by the fourth *prima facie* factor." *Woodman v. WWOR-TV, Inc.*, 411 F.3d 69, 83 (2d Cir. 2005). The Eighth Circuit has not adopted this additional requirement, however. Cf. *Hammer v. Ashcroft*, 383 F.3d 722, 726-27 (8th Cir. 2004) (assuming arguendo that 6-year age difference was sufficient to support prima facie case, but finding no discrimination because person who decided on promotions was not aware of candidates' ages). In any event, Barber easily might have judged that there was a substantial difference in the men's ages based on his own observations while supervising Kolar and interviewing Mostek. See *Woodman*, 411 F.3d at 80 (stating that "in the majority of age discrimination cases, a defendant employer's knowledge of a plaintiff's age will be undisputed because employers routinely maintain employee age information in their personnel files or are generally aware of employees' relative ages from personal on-the-job contact); *Diaz v. Eagle Produce Ltd. Partnership*, 521 F.3d 1201, 1210 (9th Cir. 2008) (although supervisor did not know precise ages of laid-off workers, "he must

---

[8] Under our local rules, "[t]he party opposing a summary judgment motion should include in its brief a concise response to the moving party's statement of material facts. The response should address each numbered paragraph in the movant's statement and, in the case of any disagreement, contain pinpoint references to affidavits, pleadings, discovery responses, deposition testimony (by page and line), or other materials upon which the opposing party relies. <u>Properly referenced material facts in the movant's statement are considered admitted unless controverted in the opposing party's response.</u>" NECivR 56.1(b)(1) (emphasis in original). Kolar has failed to comply with this exacting requirement, stating only that he "disputes all or part of the alleged 'undisputed' material facts set forth in paragraphs 7-9, 12 and 14-25 of the [defendant's] 'Undisputed Material Facts'" before purporting to refute with citations to the record paragraphs 7, 8, 15, and 24 of the defendant's statement, which he claims are the "most egregiously misrepresented" facts. (Plaintiff's brief (filing 56), pp. 2-5.) Paragraph 21 of the defendant's statement is not controverted.

have possessed a general sense that these individuals were relatively advanced in age because he personally observed them at the farm on a regular basis.").

Because Kolar has established a prima facie ADEA claim,[9] I next examine whether Chamness has articulated a legitimate, non-discriminatory reason for his termination. Chamness contends that Kolar and Larkin were both fired by Barber "for damaging company property and being dishonest about it." (Defendant's brief, p. 12.) Specifically, Chamness claims that Kolar failed to report in late December 2007 or early January 2008 that he had caused a "honey wagon" to implode by failing to turn off a vacuum pump. In an earlier incident, Kolar allegedly damaged the honey wagon by failing to clean out clogged hoses before applying liquid to a field, even though he told Barber that he had checked and cleaned out the hoses beforehand. Kolar's personnel file also indicated that his previous supervisor had issued verbal warnings in June and July 2007 about attempting to drive a 16-foot wide piece of equipment across a 12-foot wide bridge and about mixing concrete with compost. Larkin allegedly lied to Barber in early January 2008 after damaging the tractor by trying to push a truck that had gotten stuck in a field. Chamness has satisfied the second prong of the *McDonnell Douglas* burden-shifting analysis.

As to the third prong, I find that Kolar has presented sufficient evidence to raise a genuine issue of material fact as to whether the reason given by Chamness was false and a pretext for discrimination. There is no particular need to review Kolar's evidence in detail. *See* Civil Justice Delay and Expense Reduction Plan, ¶ 12 (U.S. Dist. Ct., D. Neb., Nov. 1993) ("When motions for summary judgment are considered

---

[9] For purposes of the summary judgment motion, Chamness does not dispute that Kolar was meeting its expectations. This is not inconsistent with Chamness claiming that Kolar's job performance was unsatisfactory. *See* Riley v. Lance, Inc., 518 F.3d 996, 1000 (8th Cir. 2008) (plaintiff not required at step two of prima facie case analysis to show genuine issue of fact as to whether he was performing job at level that met the employer's legitimate expectations; plaintiff needed only to show that he was "otherwise qualified" for position he held).

-8-

by a district judge and are denied on the ground that a genuine issue of material fact exists for trial, the court will issue a short opinion so stating, rather than a lengthy opinion canvassing the materials on file in support of or opposition to the motion."). Suffice it to say that Kolar's and Barber's versions of the events in question are significantly different.[10]  "[A]n employer's false explanation may support – though it does not require – an inference of discrimination." *Betz v. Chertoff*, No. 08-3027, __ F.3d __, 2009 WL 2634406, at *2 (8th Cir. Aug. 28, 2009).

In summary, whether analyzed by using the burden-shifting method or simply by looking at the evidence as a whole, Kolar's ADEA claim cannot be dismissed on motion for summary judgment. Because the parties have not contended that the state-law age discrimination claim should be analyzed any differently, and because it is not apparent that dismissal of the state-law claim would make any practical difference, I will also deny summary judgment on the state-law claim.

The final matter to be considered, very briefly, is whether punitive damages or damages for emotional distress may be recovered. Kolar concedes that "neither of his remaining causes of action (ADEA and NFEPA) authorize the relief of punitive damages." (Plaintiff's brief, p. 2.) The Eighth Circuit has determined that damages for emotional distress are not permitted under either the ADEA or the Nebraska act. *See Maschka v. Genuine Parts Co.*, 122 F.3d 566, 573 (8th Cir. 1997) (predicting Nebraska Supreme Court ruling).

IT IS ORDERED that:

1. Filing 58, the plaintiff's motion to dismiss without prejudice counts III and IV of the complaint, is granted.

---

[10] Kolar has filed three separate motions to strike portions of the defendant's evidence. Those motions will be denied. In addition, he has filed a motion for leave to file a surreply brief. That motion will also be denied.

2. Filings 51, 53, and 55, the plaintiff's motions to strike, are denied.

3. Filing 71, the plaintiff's motion for leave to file a surreply brief, is denied.

4. Filing 40, the defendant's motion for summary judgment is granted in part and denied in part, as follows:

   a. The plaintiff's claims for damages for emotional distress and for punitive damages are dismissed.

   b. In all other respects, the motion for summary judgment is denied.

September 28, 2009.                    BY THE COURT:

                                       *Richard G. Kopf*
                                       United States District Judge

---

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.