IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| ED KOLAR, | ) | 4:08CV3244 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| CHAMNESS TECHNOLOGY, INC., | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

IT IS ORDERED that:

1. Filing 76, the defendant's first motion in limine, is granted; Ted Kawa (who, in any event, has not been listed as a witness by the plaintiff) shall not testify as an expert.

2. Filing 84, the plaintiff's first motion in limine, is denied without prejudice to him raising objections at trial regarding the anticipated testimony of Brian Barber.

3. Filing 85, the plaintiff's second motion in limine, is granted; neither party may reference NEOC or EEOC administrative proceedings without first approaching the bench and obtaining leave of court.

4   Filing 86, the plaintiff's third motion in limine, is granted; no reference will be made to any previous litigation in which the plaintiff has been a party.

5. Filing 87, the defendant's second motion in limine, is granted in part and denied in part, as follows:

    a. The motion to exclude evidence of comments made by Dennis Simmons is denied without prejudice to the defendant raising objections at trial regarding such evidence.

      b.    The motion to preclude Leo Robinson from testifying at trial is denied without prejudice to the defendant raising objections at trial to any of his testimony.

      c.    The motion to exclude testimony by Lonnie Larkin and Lewis Lamb regarding other claims of discrimination is granted, inasmuch as the plaintiff has represented there will be no such testimony.

      d.    The motion to exclude evidence regarding other employees who may have damaged company property is denied without prejudice to the defendant raising objections at trial regarding such evidence.

      e.    There will be no evidence regarding offers to settle or settlements in other cases.

6.    Filing 89, the plaintiff's fourth motion in limine, is denied without prejudice to him raising objections at trial regarding any testimony about causes of the collapse of the top portion of the honey wagon.

7.    Filing 90, the plaintiff's fifth motion in limine, is denied without prejudice to him raising objections at trial regarding an attempted bridge crossing.

December 16, 2009.                BY THE COURT:

                                          *Richard G. Kopf*
                                          United States District Judge